1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNNEX CORPORATION, a Delaware Corporation,<br><br>                              Plaintiff,<br><br>          v.<br><br>THERA MARIE FREEMAN, an individual; also known as THERA MARIE SARTORIS, an individual; DAVID FREEMAN, an individual; individually & collectively doing business as PRIORITY COMPUTER SYSTEMS; and DOES 1 to 50, inclusive,<br><br>                              Defendants. | Case No. 14-cv-01606 NC<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 1 |

Plaintiff Synnex Corporation brings this action for breach of contract against defendants Thera Marie Freeman and David Freeman, individually and collectively doing business as Priority Computer Systems.  Dkt. No. 1.  The complaint asserts that this Court has subject matter jurisdiction based on diversity under 28 U.S.C. § 1332.  *Id.* ¶ 4.  However, the complaint does not contain sufficient allegations to establish the citizenship of the defendants for diversity purposes.

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A federal court may dismiss an action on its own motion if it finds that it lacks subject matter

Case No. 14-cv-01606 NC
ORDER TO SHOW CAUSE

1   jurisdiction over the action.  *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also*

2   Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

3   jurisdiction, the court must dismiss the action.").

4       District courts have diversity jurisdiction over "all civil actions where the matter in

5   controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the

6   action is between: "(1) citizens of different States; (2) citizens of a State and citizens or

7   subjects of a foreign state . . . ; (3) citizens of different States and in which citizens or

8   subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and

9   citizen of a State or of different States."  28 U.S.C. § 1332.  A natural person's state

10  citizenship is determined by her state of domicile.  *Kanter v. Warner-Lambert Co.*, 265 F.3d

11  853, 857 (9th Cir. 2001).  "A person's domicile is her permanent home, where she resides

12  with the intention to remain or to which she intends to return. . . . A person residing in a

13  given state is not necessarily domiciled there, and thus is not necessarily a citizen of that

14  state."  *Id.*

15      The complaint here alleges that defendant Thera Marie Freeman, an individual, "is

16  the owner of PRIORITY COMPUTER SYSTEMS and the wife of Defendant, DAVID

17  FREEMAN whose principal place of business is located at 3208 Peach Street, Erie, PA,

18  16508."  Dkt. No. 1 ¶ 2.  The complaint further alleges that David Freeman, an individual,

19  "is the husband of Defendant, THERA MARIE FREEMAN, . . . whose principal place of

20  business is located at 3208 Peach Street, Erie, PA 16508."  *Id.* ¶ 3.  The complaint fails to

21  allege the domicile or citizenship of Thera Marie Freeman and David Freeman for diversity

22  purposes.

23      Because the complaint does not contain sufficient allegations to establish that there is

24  complete diversity of citizenship between plaintiff and all defendants, by July 16, 2014,

25  plaintiff must amend its complaint to plead an adequate basis for diversity jurisdiction, or

26  show cause in writing why this action should not be dismissed for lack of federal subject

27  matter jurisdiction.  If plaintiff is unable to allege the citizenship of all defendants without

28  conducting discovery on this issue, plaintiff should so indicate in its response to the order

Case No. 14-cv-01606 NC
ORDER TO SHOW CAUSE                    2

1  to show cause.

2        Plaintiff must also consent or decline the jurisdiction of a magistrate judge by July

3  16, 2014.  *See* attached consent/declination form.

4        The initial case management conference is continued from July 16 to July 30, 2014, at

5  10:00 a.m. in Courtroom A, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San

6  Francisco, California.

7        IT IS SO ORDERED.

8        Date: June 27, 2014

9                                      Nathanael M. Cousins
                                    United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28