UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNNEX CORPORATION, a Delaware Corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THERA MARIE FREEMAN, an individual; also known as THERA MARIE SARTORIS, an individual; individually & collectively doing business as PRIORITY COMPUTER SYSTEMS; and DOES 1 to 50, inclusive,<br><br>　　　　Defendants. | Case No. 14-cv-01606 NC<br><br>**ORDER RE: MOTION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>Re:  Dkt. Nos. 32, 42 |

On September 11, 2014, plaintiff Synnex Corporation filed a motion seeking the entry of default judgment by the Court against defendant Thera Marie Freeman, also known as Thera Marie Sartoris, individually and doing business as Priority Computer Systems (collectively, "defendant").  Dkt. No. 32.  The Court held a hearing on the motion on October 29, 2014, at which plaintiff appeared through its counsel of record.  Defendant has not appeared in the action.  At the hearing, the Court noted several deficiencies in the motion for default judgment and gave Synnex 30 days to file an amended motion.  Synnex timely filed its amended motion for default judgment.  However, the amended motion continues to suffer from the same deficiencies.

1   As an initial matter, the amended motion states that Synnex "requests that the clerk
2   of the court enter default judgment" pursuant to Federal Rule of Civil Procedure 55(a).
3   Dkt. No. 42. Rule 55(a) refers to entry of default by the clerk not to entry of default
4   judgment. Rule 55(b), on the other hand, permits entry of default judgment by the clerk
5   "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by
6   computation." In all other cases, the party must apply to the court for default judgment.
7   Fed. R. Civ. P. 55(b). Here, it is unclear whether Synnex intended to request default
8   judgment by the court, as its original motion stated, *see* Dkt. No. 32, or by the clerk, as its
9   amended motion states, *see* Dkt. No. 42.

10  Second, Synnex asserts that defendant has agreed to the jurisdiction of this Court
11  "[p]ursuant to the terms and conditions of SYNNEX' online e-commerce website." Dkt.
12  No. 42-1 ¶¶ 5-6. While Synnex submitted a declaration that quoted the relevant language
13  from its online terms and conditions, and also attached the terms and conditions as an
14  exhibit, the record does not contain sufficient basis to conclude that defendant has agreed
15  to these terms and conditions. To the contrary, the terms and conditions attached to the
16  declaration are dated November 20, 2014, and no showing has been made that these terms
17  and conditions are the same as the ones to which defendant allegedly agreed at the time of
18  the Credit Application Agreement in 2001, or at the time the computer products at issue
19  were purchased, from December 12, 2012, through December 20, 2013. *See* Dkt. No. 42-1
20  at 9, ¶¶ 4-5. The same problem exists with respect to the additional "SYNNEX Terms and
21  Conditions," dated April 6, 2014, attached as exhibit 1 to the complaint. *See* Dkt. No. 12
22  ¶ 5, 7-9.

23  Third, Synnex has not submitted a declaration showing whether defendant is an
24  unrepresented minor, an incompetent person, or a person in military service. *See* Fed. R.
25  Civ. P. 55(b)(2); 50 U.S.C. app. § 521(b)(1).

26  Fourth, Synnex has not adequately substantiated its request for prejudgment interest.
27  The declaration submitted by Synnex in support of its request for default judgment states
28  that Synnex "requires pre-trial interest at the rate of 10% per annum." Dkt. No. 42-1 ¶ 9.

"[P]rejudgment interest is a substantive aspect of a plaintiff's claim" and is governed by state law in a diversity action. *In re Exxon Valdez*, 484 F.3d 1098, 1101 (9th Cir. 2007). Under California law, "[a]ny legal rate of interest stipulated by a contract remains chargeable after a breach thereof, as before, until the contract is superseded by a verdict or other new obligation," and if the contract does not stipulate a legal rate of interest, "the obligation shall bear interest at a rate of 10 percent per annum after a breach." Cal. Civ. Code § 3289. Here, Synnex has not provided the legal or factual basis for its request for a 10 percent interest. The Credit Application Agreement entered into by defendant and the "SYNNEX Terms and Conditions" attached to the complaint both refer to a one and one-half percent interest rate, though the provisions in the two documents are not identical. *See* Dkt. No. 12 at 7, 11. If Synnex is seeking prejudgment interest at 10 percent as a lesser amount than what it is entitled to under its contract with defendant, Synnex has not demonstrated that such amount is in fact less than provided for by the contract.

Fifth, Synnex seeks $520 in costs for "service of process and skip tracing" incurred in this matter, but does not show that these costs are attributable solely to defendant and not to David Freeman who was previously dismissed as a defendant from this action. *See* Dkt. No. 42-1 ¶ 8.

Synnex may file an amended or supplemented motion for default judgment addressing the above deficiencies by January 12, 2015. Any amended/supplemented motion (including Dkt. Nos. 42 and 42-1) must be served on defendant, and Synnex must file a proof of service by the same deadline. If Synnex does not correct the deficiencies by the January 12 deadline, the Court will proceed to rule on Synnex's motion on the current record.

IT IS SO ORDERED.

Date: December 29, 2014

Nathanael M. Cousins
United States Magistrate Judge